## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE MORGAN                              :       Civil Action No.:

     Plaintiff,                      :       **3 : CV - 24 - 0978**

v.                                      :

                                        :       **FILED**
THE CITY OF SCRANTON,                           **SCRANTON**
LACKAWANNA COUNTY,
                                                JUN 13 2024

     Defendant                       PER_____
                                                DEPUTY CLERK

### COMPLAINT

NOW COMES Lee Morgan, in pro se, the Plaintiff in the above-captioned action, and complains against the Defendants, The City of Scranton, and avers as follows:

### PARTIES

1. Plaintiff, Lee Morgan, (hereinafter "Morgan"), is a competent, adult individual with a place of residence located at 1215 Stafford Avenue, Scranton, PA.

2. Defendant, The City of Scranton, is a political subdivision of The Commonwealth of Pennsylvania and the County of Lackawanna.

3. Defendant, Lackawanna County, is a political subdivision of The Commonwealth of Pennsylvania, encompassing The Lackawanna County Commissioners.

### JURISDICTION AND VENUE

4. The previous paragraphs are incorporated by reference as though previously set forth below.

5. This action to vindicate Plaintiff's rights under the fifth, and fourteenth amendments to The United States Constitution is brought under 42 U.S.C. Section 1983.

6. This Court has jurisdiction over this civil rights action under 28 U.S.C. Sections 1331 and 1343. This Court also has jurisdiction under 28 U.S.C. Sections 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

7. Venue is proper in The Middle District of Pennsylvania pursuant to 28 U.S.C. Section 1391(a) in that the Defendants are subject to personal jurisdiction within The Middle District of Pennsylvania and the events that give rise to this action occurred within The Middle District of Pennsylvania.

### FACTUAL ALLEGATIONS

8. The previous paragraphs are incorporated by reference as though fully set-forth below.

9. Morgan owns property in the form of land and a residential home, located at 1215 Stafford Avenue, Scranton, PA.

10. Morgan's property on Stafford Avenue is subject to the regulations and laws of The

City of Scranton and its Office of Code Enforcement, as is all private property within the City.

11. At all relevant times, Morgan did his due diligence to maintain his property and it was visibly not different than other properly maintained, neighboring residential properties.

12. Morgan's property was well-maintained by all objective standards.

13. Morgan also owns other rental properties within the City of Scranton.

14. Morgan is involved with and outspoken in politics, including on the city level.

15. Morgan regularly attends Scranton City Council meetings and has for four decades and regularly exercises his right to public comment.

16. Morgan's political ideologies are conservative.

17. The City of Scranton and its government have long been run by liberal elected officials.

18. The City of Scranton's Liberal elected officials are in opposition to the conservative views held by Morgan.

19. At all relevant times, the prevailing political ideology of both Lackawanna County and The City of Scranton was "Liberal" and "Leftist," while those entities have followed the recent National Democratic party trend of politically promoting more radical, Progressive ideologies.

20. Morgan previously filed a Federal Lawsuit against The City of Scranton, Lackawanna County, and ECTV stemming from public censure of his political speech on a program he hosted, airing on ECTV.

21. At all relevant times, The City of Scranton has engaged in retaliatory tactics against Morgan in an attempt to punish him for his opposing and outspoken political views, as well as a previously filed Federal lawsuit against The City of Scranton for violations of Morgan's Constitutional rights.

22. The City of Scranton's Code Enforcement Office began citing Morgan for alleged code violations.

23. Morgan did not grant a code enforcement officer permission to access his property.

24. The code enforcement officer was, at all relevant times, not in possession of required certifications for the job and had no right to be on Morgan's property and no authorization to issue any citations.

25. The citations, for unmaintained grass/weeds, were illegitimate, as the property was well-maintained.

26. In any event, if the violations were legitimate, which they weren't, Morgan was never given notice he was out of compliance and an opportunity to remedy the situation or provide proof that he was in compliance.

27. Furthermore, the code enforcement officer was unauthorized to assess property and issue citations as he did not have required certifications to do so and was a trespasser on Morgan's property.

28. Through the influence of the City of Scranton's government, Morgan was targeted by The City of Scranton's Code Enforcement Office for retaliation for his political views and a previously filed lawsuit for constitutional rights violations committed by The City of Scranton and Lackawanna County.

29. Morgan was treated differently than other property owners who were not targeted with baseless, false allegations, resulting in frivolous citations.

30. Morgan was denied due process rights as he was never given notice of any alleged violations and an opportunity to either remedy any violations or challenge them in front of a tribunal or other finder of fact.

31. The City of Scranton and the unlicensed, uncertified code enforcement officer committed trespass on Morgan's property, as no permission was granted to be there.

### Count I – VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES

**CONSTITUTION AND THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA**

32. The previous paragraphs are incorporated by reference as if fully set forth below.

33. All of the Defendants' actions were done while acting under color of law and had the effect of depriving Plaintiff od rights secured under The United States Constitution and laws of The United States of America, particularly The Due Process Clauses of The Fourteenth Amendment to The United States Constitution and The Fifth Amendment to The Constitution of The Commonwealth of Pennsylvania.

34. The treatment Plaintiff received was carried out by Defendant in retaliation for the exercise of his civil rights secured by The Free Speech Clause of The First Amendment to The United States Constitution and for filing a Federal lawsuit against The City of Scranton, Lackawanna County, and ECTV.

35. The acts of the Defendant were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's Constitutional rights.

**Count II – VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

43. The previous paragraphs are incorporated by reference as if fully set-forth below.

38. Plaintiff is a member of a class of one and was unlawfully discriminated against because of his political views and because of a lawsuit filed against The City of Scranton, Lackawanna County, and ECTV, specifically, his properties were targeted for non-existent violations of code enforcement while others similarly situation were not.

39. Plaintiff was similarly situated in all relevant aspects to his neighbors who also were in compliance with all code enforcement regulations and requirements.

40. Nevertheless, Plaintiff was cited for non-existent violations by an unlicensed code enforcement officer who trespassed on his property without permission.

41. All actions carried out by all Defendants were done while acting under color of law and had the effect of depriving Plaintiff of rights secured by The Constitution and laws of the United States of America, specifically The Equal Protection Clause of The Fourteenth Amendment to The United States Constitution.

42. The acts of all Defendants were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's Constitutional rights.

**COUNT III-VIOLATIONS OF RIGHTS SECURED BY THE PROPERTY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

43. Plaintiff incorporates by reference each of the allegations set-forth in the preceding paragraphs as if fully set-forth below.

44. Plaintiff was use and enjoyment of his property and his ownership of that property put in jeopardy, without just compensation, in violation of The Fifth Amendment to The United States Constitution.

45. All actions of Defendant were done while acting under color of law and had the effect of depriving Plaintiff of rights secured by the Constition and laws of the United States of America and the Commonwealth of Pennsylvania, specifically The Property Clause of The Fifth Amendment to The United States Constitution.

46. The acts of the Defendantswere intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's Constitutional rights.

**PRAYER FOR RELIEF**

a. Enter a Declaratory Judgment that the Defendant violated Plaintiff's Constitutional rights to Property, Equal Protection and Due Process.

b. Award compensatory damages against the Defendant, in an amount to be determined at trial.

c. Dismiss and expunge all citations filed against Plaintiff and return any fees or deposits related to addressing those citations and appealing the same.

d. Award punitive damages against the Defendant.

e. Enter an award for costs, expenses, and fees under 42 U.S.C. Section 1988; and

f. Enter such reasonable relief as this Honorable Court may deem just and proper
Plaintiff hereby demands a jury trial.

Respectfully Submitted,

Lee Morgan
IN PRO SE
1215 Stafford Avenue
Scranton, PA 18505
(570) 604-1212