## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE MORGAN, | : | No. 3:24-CV-978 |
| | : | |
| Plaintiff | : | (Mehalchick, J.) |
| | : | |
| v. | : | (Caraballo, M.J.) |
| | : | |
| THE CITY OF SCRANTON, | : | |
| | : | |
| Defendant | : | |

### REPORT AND RECOMMENDATION

The undersigned respectfully recommends that the Court dismiss and close this action for failure to serve process and failure to prosecute. Plaintiff Lee Morgan offered deficient proof of service of his initial complaint, and no proof of service of his amended complaint, despite multiple orders instructing him to comply with the mandates of Federal Rule of Civil Procedure 4. As over a year has passed since the Court last issued an associated order to show cause, with no communication from Morgan, dismissal is warranted.

## I.  Background

On June 13, 2024, Morgan, proceeding pro se, filed a complaint initiating this civil rights action against the City of Scranton and Lackawanna County. Doc. 1. Upon receipt of the appropriate filing fee,

the Clerk of Court issued summons to Morgan for service on the defendants. Doc. 3. In conjunction with the summons, the Clerk of Court also sent Morgan a letter that advised him of his responsibility to serve the complaint and summons on the defendants in accordance with Rule 4. Doc. 2. Morgan filed an amended complaint on June 20, 2024, against the City of Scranton only, asserting violations of his rights under the First, Fifth, and Fourteenth Amendments, pursuant to Title 42, United States Code, Section 1983. Doc. 4. The Clerk of Court again issued Morgan summons for service. Doc. 5.

On October 3, 2024, the Honorable William I. Arbuckle entered an order directing Morgan to provide proof of service of the amended complaint by October 31, 2024, or show cause why the matter should not be dismissed pursuant to Rule 4(m). Doc. 6. In that order, Judge Arbuckle advised Morgan of the service requirements set forth in both Rule 4, and Middle District of Pennsylvania Local Rule 4.1. The order explained to Morgan that he had failed to meet their requirements and deadlines, but nonetheless afforded him four extra weeks to comply. *Id.*

On October 9, 2024, Morgan filed proof of service of the original complaint, dated June 13, 2024. Doc. 7. According to the proof of

2

service, Morgan personally served process on the City of Scranton, then-defendant Lackawanna County, and, puzzlingly, nonparty Electric City Television Network. *Id.* Morgan did not, however, provided proof of service of the amended complaint, as ordered by the Court.

This matter was reassigned to the undersigned on February 13, 2025. On March 11, 2025, the undersigned issued an order notifying Morgan of his failure to provide proof of service of the amended complaint, and again affording him an additional three weeks to comply, or show cause why the matter should not be dismissed pursuant to Rule 4(m). Doc. 8. Over 13 months have passed since that order, and Morgan has not complied, responded, or otherwise communicated with the Court to prosecute this action.

## II.  Discussion

### A.  Dismissal Under Rule 4(m)

Morgan's failure to serve process, or provide proof of proper service in this action mandates dismissal. Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

3

service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court 'must dismiss the action.'" *Straker v. Deutsche Bank Nat. Tr.*, 2013 WL 1754130, at *4 (M.D. Pa. 2013), *report and recommendation adopted*, 2013 WL 1750962 (M.D. Pa. 2013).

In conjunction with Rule 4(m)'s requirements, Rule 4(l)(1) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). The Court's local rules set a deadline to submit that affidavit of service within 14 days of service. M.D. Pa. L. R. 4.1. And all litigants, whether appearing pro se or counseled, must abide by the federal and local rules. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (emphasizing that pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (footnote omitted) ("procedural

4

rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel.").

Here, Morgan filed an amended complaint on June 20, 2024, and the Clerk of Court issued corresponding summons that same day. Docs. 4; 5. Morgan thus had until September 18, 2024, to serve the amended complaint on the City of Scranton in accordance with Rule 4(m), and docket a corresponding affidavit of service thereafter. Despite being placed on notice twice of his failure to meet those service obligations, and afforded sua sponte extensions to comply through March 31, 2025, *see* Docs. 6; 8, Morgan has not offered any proof of proper service on the City of Scranton, or shown good cause for a failure to serve.[1] As nearly two years have passed since Morgan filed an amended complaint, those shortcomings warrant dismissal. *See Beckerman v. Susquehanna Twp. Police*, 254 F. App'x 149, 154 (3d Cir.2007) (affirming dismissal where plaintiff did not demonstrate good

---

[1] Although Morgan filed a self-certified affidavit (Doc. 7) on October 9, 2024, stating that he served the initial complaint on the City of Scranton on June 13, 2024, as a party to this action, he is prohibited from serving process personally. *See* Fed. R. Civ. P. 4(c)(1) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added). Regardless of Morgan's improper attempt to serve the initial complaint on the City of Scranton, he has not offered any proof of service of the amended complaint, despite the undersigned's explicit instructions thereafter. *See* Doc. 8.

cause for failing to serve process); *Foster v. Pa. Hum. Rel. Comm'n*, 157 F. App'x 488, 490 (3d Cir. 2005) (affirming dismissal where plaintiff failed to serve defendant "properly despite repeated requests and warnings from the District Court to do so.").

## B.   Dismissal Under Rule 41(b)

The undersigned also recommends dismissal for Morgan's corresponding failure to prosecute this action, as he ceased litigating this lawsuit, and failed to comply with the undersigned's order of March 11, 2025, to show cause why this action should not be dismissed. The Court may dismiss an action "if the plaintiff fails to prosecute a case or to comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021); Fed. R. Civ. P. 41(b). This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on the

6

merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

7

Here, Morgan's conduct satisfies most of the *Poulis* factors. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Id.* As Morgan is proceeding pro se, he "bears all of the responsibility for any failure in the prosecution of his claims." *See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). Thus, the delays in this action are entirely attributable to Morgan, who neither served the amended complaint on the City of Scranton, offered proof of proper service, nor sought additional time to effectuate service. The first inquiry thus advises dismissal.

The second consideration (prejudice to adversary) becomes applicable if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. And such scenario becomes relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, . . . failure to litigate would prejudice the defendant, who[,] without timely responses by [Morgan,] could not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. Here, this action has remained effectively stagnant since being filed on June

13, 2024, and amended on June 20, 2024; a period well beyond the 90-day service deadline set forth in Rule 4(m). Thus, the second query, too, favors dismissal.

The third factor (history of dilatoriness) requires the Court to examine this case's history. Morgan received two extensions to serve process in this action, not at his request, but rather afforded by the Court on its own volition. Docs. 6; 8. Those permissions were coupled with explicit directions concerning Morgan's service responsibilities, and requirements to show cause why this action should not be dismissed. Morgan nonetheless failed to comply. "[C]onsistent tardiness in complying with court orders" weighs in favor of dismissal, *Adams*, 29 F.3d at 874 (first citing *Poulis*, 747 F.2d at 868; and then citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)), especially in light of the premise that "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. Morgan "has failed to respond to [the undersigned's] order to show cause, [and] the time to do so has [long] passed." *See Silbermonn*, 2021 WL 1705228, at *2. Thus, the third inquiry weighs in favor of dismissal. *See Adams*, 29 F.3d at 875; *see also Smith*, 2005 WL

9

2431097, at *2 ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Morgan's repeated failures to respond to Court orders "leads to an inference that he has willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. At this juncture, when the plaintiff has failed to properly serve the defendant after nearly two years, the undersigned is compelled to conclude that Morgan's actions are neither accidental nor inadvertent, but instead reflect a disregard for prosecuting this litigation. The fourth query thus weighs in favor of dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. Here, Morgan's "failure to respond to our order to show cause leads to an inference that further orders to him would not be effective." *Silbermonn*, 2021 WL 1705228, at *2. When confronted by a litigant who does not comply with applicable procedural rules and court

10

orders, lesser sanctions may not be an effective alternative. *See, e.g.,* *Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir.2008). Therefore, the fifth inquiry advises dismissal.

Finally, the sixth consideration concerns the meritoriousness of Morgan's claims. "[A] claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Id.* (citing *Poulis*, 747 F.2d at 870). As this case has yet to be challenged on either legal or factual grounds, the undersigned assumes, for this Report and Recommendation's purposes, that this final inquiry weighs against dismissal.

An overall *Poulis* analysis thus favors dismissal. Accordingly, the undersigned recommends that Morgan's amended complaint be dismissed, and this action be closed.

## III. Recommendation

For the reasons set forth above, it is **RECOMMENDED** that:

1.  The amended complaint (Doc. 4) be **DISMISSED WITHOUT PREJUDICE**; and

2.  The Clerk's Office be **DIRECTED** to **TERMINATE** the City of Scranton as the defendant, and **CLOSE** this case.

11

Morgan is placed on notice that, pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date:  April 23, 2026          *s/ Phillip J. Caraballo*
                               Phillip J. Caraballo
                               United States Magistrate Judge

12